Catherine L. PENDER, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant and Third–Party Plaintiff,

v.

INDIANA INSURANCE COMPANY and Consolidated Insurance Company, Third–Party Defendant.

No. 4:93–cv–66RP.

United States District Court,
N.D. Indiana,
Hammond Division at LaFayette.

Oct. 20, 1994.

Marcel Katz, Lafayette, IN, for plaintiffs.

Clifford D. Johnson, Office of the U.S. Atty., South Bend, IN, for Lynn M. Martin and U.S.

Robert T. Sanders, III, Matthew A. Yeakey, Daniels Sanders Pianowski Hamilton

and Todd, Elkhart, IN, for Indiana Ins. Co., Consolidated Ins. Co.

## MEMORANDUM AND ORDER

PIERCE, United States Magistrate Judge.

Plaintiffs, Catherine, Sammy, and Mary Pender, ("Pender") brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, alleging that the defendant, Lynn Martin ("Martin"), a United States Postal Service ("U.S.P.S.") employee, negligently caused personal injuries arising out of an automobile accident. Pender also named the United States as a defendant. In turn, the government, by a third-party complaint, sought indemnity under an insurance policy issued by third-party defendant Consolidated Insurance Company ("Consolidated") to Martin. Consolidated denied coverage under a provision of the insurance policy which excludes coverage when a vehicle is used as a "public or livery conveyance." This cause is now before the court on cross-motions for summary judgment on the third-party suit between the government and Consolidated. For the reasons discussed below, the United States' motion will be granted and Consolidated's motion will be denied.

### Procedural Background

Pender initiated this action with a complaint against Martin and the government for personal injuries pursuant to the Federal Tort Claims Act, on September 21, 1993. On December 23, 1993, the government filed an answer to Pender's complaint along with a third-party complaint against the Indiana Insurance Company ("Indiana") and Consolidated, alleging breach of contract and negligence. The government claimed that because it was an insured under the policy issued to Martin, the third-party defendants were obligated to defend and indemnify it for any claims brought against Martin as the result of the accident. In addition, the government filed a motion asking that it be substituted in place of Martin, pursuant to 28 U.S.C. § 2679. Consolidated and Indiana responded with an answer and counter-claim against the government on January 31, 1993. In their answer, they claimed that Indiana had not issued an auto liability insurance policy to Martin, but admitted that Consolidated had. They conceded that the policy was in effect at the time of the accident. However, they alleged that Martin was not covered by Consolidated's liability policy at the time of the accident because she was using her vehicle as a "public or livery conveyance." The policy excluded coverage for such use. The third-party defendants moved for dismissal and requested an award of costs. Consolidated's counter-claim consisted of a request for declaratory judgment as to the meaning and effect of the policy, and, in particular, the public and livery conveyance exclusion. On March 21, 1994, the government and Consolidated filed a stipulation of facts.

On April 1, 1994, the government filed a motion to dismiss Indiana because Consolidated had acknowledged in its answer that it had issued the automobile insurance policy upon which the government made its third-party claim. The government also filed a motion for summary judgment against Consolidated. On April 11, 1994, Indiana was dismissed from the litigation. On May 2, 1994, Consolidated filed a motion for summary judgment against the government and on May 10, 1994, the government was substituted as the sole defendant in the case.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for the motion, and identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, once a properly supported motion for summary judgment is made, the party that bears the burden of proof on a particular issue at

trial cannot resist the motion by merely resting on its pleadings. *United States v. Lair*, 854 F.2d 233, 235 (7th Cir.1988). Rather, the party opposing the motion must "affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988); *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir. 1987), *cert. denied*, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987). "A genuine issue for trial only exists when there is sufficient evidence favoring the nonmovant for a jury to return a verdict for that party." *Celotex*, 477 U.S. at 2552–53, 106 S.Ct. at 2553.

■ "Summary judgment is properly entered in favor of a party when the opposing party is unable to make a showing sufficient to prove an essential element of a case on which the opposing party bears the burden of proof." *Common v. Williams*, 859 F.2d 467 (7th Cir.1988). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 843 F.2d 1024, 1032 (7th Cir.1988), *cert. denied* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988). The inquiry involved in ruling on a motion for summary judgment implicates the substantive evidentiary standard of proof, for example, preponderance of the evidence, that would apply at trial. *Anderson*, 477 U.S. at 251–53, 106 S.Ct. at 2512. All factual inferences must be drawn in favor of the non-moving party. *Valley Liquors*, 822 F.2d at 659.

### Facts

The following facts have been established by stipulation: (Joint Stipulation of Facts filed Mar. 22, 1994). On or about April 27, 1992, Consolidated issued Martin and her husband a personal auto policy. The policy, drafted by Consolidated's agents and/or employees, was in effect from April 27, 1992 to July 27, 1992. It provided liability coverage for bodily injury and property damage subject to the policy terms and provisions. The relevant portions of the policy provided as follows:

Insuring Agreement A. We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the 'insured.' We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy.

\* \* \* \* \* \*

Exclusions A. We do not provide Liability Coverage for any person:

\* \* \* \* \* \*

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (A.5) does not apply to a share-the-expense car pool.

Although the policy contains a "Definitions" section, no definition of the phrase "public or livery conveyance" is provided in that section or in any part of the policy.

At the time of the accident Martin was employed as a rural route carrier for the U.S.P.S. As an employee of the U.S.P.S., she was paid wages and was reimbursed for mileage travelled on her assigned route and depreciation of her car while used within the scope of her duties. Martin's duties included the delivery and pick-up of mailable materials from mailboxes along her assigned route. Although the U.S.P.S. can be used by anyone who wants mail delivered, provided that postage or a fee is paid, Martin was only authorized to take mail for delivery from her assigned duty station and bring any mail to be delivered through the system to that station. While travelling along her assigned route on June 29, 1992, Martin was involved in an automobile accident with Pender in Benton County, Indiana. At the time of the acci-

dent, Martin was performing her duties as a rural route mail carrier for the U.S.P.S. Pender filed a complaint against Martin and the government. The government requested that Consolidated defend and indemnify it for this occurrence in accordance with its obligations under Martin's policy.[1] Consolidated denied that its policy covers the accident because it excludes vehicles used as a "public or livery conveyance." But for its belief that the "public or livery conveyance" exclusion applies, Consolidated conceded that its policy would require it to defend and indemnify the government for the accident, subject to the other policy terms and provisions.

### Evidentiary Submissions

The government has submitted an affidavit by Martin in support of its motion for summary judgment. Consolidated argues that two statements in the affidavit should not be considered because they "constitute inadmissible hearsay, speculation, conclusions of fact and law of the affiant." (Consolidated Insurance Company's Motion to Strike Portions of the Affidavit of Lynn M. Martin, at 1).

■■■ Federal law governs the admissibility of evidence for purposes of deciding a summary judgment motion. *Utility Control Corp. v. Prince William Constr. Co.*, 558 F.2d 716 (4th Cir.1977). Rule 56(e) requires that affidavits offered in support of or in opposition to a motion for summary judgment must be made on personal knowledge and set forth facts that would be admissible in evidence. *Price v. Rochford*, 947 F.2d 829, 832–33 (7th Cir.1991); *Visser v. Packer Engineering Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir.1991); *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989). *Friedel*, 832 F.2d, at 969–71; *First Nat'l Bank Co. v. Insurance Co. of North America*, 606 F.2d 760, 766 (7th Cir.1979).

> Supporting materials designed to establish issues of fact in a summary judgment proceeding 'must be established through one of the vehicles designed to ensure reliability and veracity—depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.'

*Friedel v. Madison*, 832 F.2d 965, 970 (7th Cir.1987), *quoting Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 139 (7th Cir. 1985). A statement merely indicating that a purported affidavit is based upon "information and belief" is insufficient. *Price*, 947 F.2d, at 832–33; *Visser*, 924 F.2d, at 659; *Schertz*, 875 F.2d, at 582. Conclusory statements or indications of opinion or belief offered without any factual support are also insufficient to create a genuine issue of fact. *Cusson–Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir.1992); *Covalt v. Carey Canada, Inc.*, 950 F.2d 481 (7th Cir.1991); *Davis v. Chicago*, 841 F.2d 186, 189 (7th Cir.1988). *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir.1992) (affidavit which contained nothing more than rumors, conclusory allegations and subjective beliefs could not be considered). "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983), *cert. denied*, 465 U.S. 1006, 104 S.Ct. 1000, 79 L.Ed.2d 232 (1984). Further, inadmissible hearsay contained in affidavits or other discovery materials such as interrogatories or depositions may not be considered. *Hong v. Children's Memorial Hosp.*, 993 F.2d 1257, 1264–65 (7th Cir.1993) ("We do not consider hearsay statements that are otherwise inadmissible at trial, and this limitation applies to deposition testimony based on inadmissible hearsay."), *cert. denied*, —— U.S. ——, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994); *Horta v. Sullivan*, 4 F.3d 2, 8–9 (1st Cir.1993) (newspaper article which contained "hearsay within hearsay" could not be considered); *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir.1992); *Randle v. LaSalle Telecommunications, Inc.*,

---

1. The policy provides that the " 'Insured' as used in this Part means: ... For 'your covered auto,' any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this part." (Defendant United States' Answer to Plaintiffs' Complaint and Third–Party Complaint, Exhibit B, at 2, pt. A, para. B.3.)

876 F.2d 563, 570, n. 4 (7th Cir.1989); *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir.1985), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986); *Pan–Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539 (5th Cir.1980), *cert. denied* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981); *State Mut. Life Assurance Co. v. Deer Creek Park,* 612 F.2d 259 (6th Cir.1979); *Rossi v. Trans World Airlines, Inc.,* 507 F.2d 404 (9th Cir.1974); *Liberty Leasing Co. v. Hillsum Sales Corp.,* 380 F.2d 1013, 1015 (5th Cir.1967) (deposition containing inadmissible hearsay properly disregarded); *Amcast Indus. Corp. v. Detrex Corp.,* 779 F.Supp. 1519, 1526 (N.D.Ind.1991), *partial summ. judgment granted, mot. denied,* 822 F.Supp. 545 (N.D.Ind.1992), *aff'd in part and rev'd in part, remanded,* 2 F.3d 746 (7th Cir.1993), *and cert. denied,* — U.S. ——, 114 S.Ct. 691, 126 L.Ed.2d 658 (1994). The court must disregard the inadmissible portions of an affidavit and consider only the admissible portions in deciding the summary judgment motion. *See, e.g., Friedel,* 832 F.2d at 970–71; *Randle,* 876 F.2d at 570, n. 4; *Roberts v. Hochstetler,* 592 F.Supp. 703, 706 (N.D.Ind.1983).

■ Consolidated argues that the following portion of Martin's affidavit constitutes inadmissible evidence and should not be considered:

> Because Boswell is such a small community (approximately 1500 people), I am sure that the [sic] Jim Schoen, my local agent with Hoosier Associates, knew that I was a rural route carrier and that I used my personal vehicle for transporting mail along my rural mail route. I specifically recall asking Mr. Schoen, who has been my agent for several years, whether there would be any problem with my insurance because I used by vehicle to deliver mail and being assured by him that there would not be a problem because 'they had never before had any problems in providing such coverage to postal rural route carriers.' I do not recall exactly when this conversation took place, I do remember that it took place before the accident on which this suit is based.

(Affidavit of Lynn M. Martin, executed on Mar. 10, 1994, at ¶ 7).

Consolidated contends that the first statement should not be considered because it is not based on Martin's personal knowledge. Consolidated is correct. Martin offers no evidence that the first statement is based on personal knowledge. She uses the fact that Boswell is a small community to infer that Consolidated's agent must have known that she used the insured vehicle to carry mail. Martin presents nothing to indicate that her conclusion was based on more than mere belief. Because the statement is not based on personal knowledge, it cannot be considered.

■ Next, Consolidated argues that the second sentence should not be considered because it constitutes inadmissible hearsay. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R.Evid. 801(c). Because the statement is not being offered for the truth of the matter asserted but to impute knowledge to the insurance agent, it is admissible and will be considered. Martin offered the statement to establish that Consolidated's agent knew that Martin used the insured auto to deliver mail, and not to establish that she did in fact use her "vehicle to deliver mail," or that "[Consolidated] had never before had any problems with providing such coverage to postal rural route carriers." Further, even if the statement constitutes hearsay, a portion of the statement would still be admissible as an exception to the hearsay rule. The portion of the statement in which Martin asserts that the agent told her that "they have never had any problems ..." qualifies as an admission by a party-opponent. "A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship ..." Fed.R.Evid. 801(d)(2)(D). It is not contested that the declarant was Consolidated's agent who allegedly made the statement while performing his agency duties. Therefore, the statement would qualify as an exception to the hearsay rule. Because both

the first and second statements constitute admissible evidence, they will be considered.

### Discussion

The sole issue in this case is the meaning of the "public or livery conveyance" exclusion contained in the relevant insurance policy. Consolidated argues that it is relieved of any obligation to the government under the policy because Martin's accident occurred while she was performing her duties as a rural route mail carrier. It argues that the public or livery conveyance exclusion applied to Martin's use and thus Consolidated had no obligation to indemnify and defend the United States. The United States, on the other hand, argues that the exclusion is clearly inapplicable or, alternatively, that the exclusion is ambiguous and therefore should be construed against Consolidated. The parties agree that the law of Indiana is to be applied in this case.

 In order to prevail, Consolidated must demonstrate that the "public or livery conveyance" exclusion clearly and unambiguously excludes coverage under the present facts. *Allstate Ins. Co. v. Barnett,* 816 F.Supp. 492 (S.D.Ind.1993) (summary judgment granted for defendant insurance company because an unambiguous term in the policy excluded coverage). Under Indiana law, insurance policies are to be interpreted under the principles of contract law. *Allstate Ins. Co. v. Boles,* 587 F.Supp. 807, 808–10 (S.D.Ind.1984), *aff'd,* 776 F.2d 1049 (7th Cir.1985) (quoting *Cincinnati Ins. Co. v. Mallon,* 409 N.E.2d 1100 (Ind.App.1980)). Clear and unambiguous language contained in an insurance policy must be given its plain meaning. *Tate v. Secura Ins.,* 587 N.E.2d 665, 668 (Ind.1992); *Harden v. Monroe Guar. Ins. Co.,* 626 N.E.2d 814, 817 (Ind.Ct. App.1993) ("[c]ourts will give an insurance contract its plain and ordinary meaning when no ambiguity is present in the language of the contract."); *State Farm Fire & Cas. Co. v. Miles,* 730 F.Supp. 1462, 1465 (S.D.Ind. 1990), *aff'd sub nom. State Farm Fire & Cas. Co. v. Summerfield,* 930 F.2d 25 (7th Cir. 1991); *Boles,* 587 F.Supp. at 809 ("[a]lthough special rules of construction of insurance contracts have developed due the disparity in bargaining power between insurers and insureds, if the contract is clear and unambiguous, the language therein must be given its plain meaning."); *American States Ins. Co. v. Aetna Life & Cas. Co.,* 177 Ind.App. 299, 379 N.E.2d 510, 516 (1978) ("[a]n unambiguous insurance policy must be enforced according to its terms, even those which limit the insurer's liability."). However, it is well-established that ambiguous terms must be given the meaning that is most favorable to the insured. *Tate,* 587 N.E.2d at 668; *Freeman v. Commonwealth Life Ins. Co.,* 259 Ind. 237, 286 N.E.2d 396, 397 (1972). Ambiguous terms in insurance policies should be construed to further the policy's basic purpose of indemnity. *Tate,* 587 N.E.2d at 668; *Eli Lilly & Co. v. Home Ins. Co.,* 482 N.E.2d 467 (Ind.1985), *cert. denied,* 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987). A term is ambiguous when "it is susceptible of more than one interpretation and reasonably intelligent men would honestly differ as to its meaning." *Harden,* 626 N.E.2d at 817 (citing *Anderson v. State Farm Mutual Automobile Ins.,* 471 N.E.2d 1170, 1172 (Ind.Ct. App.1984)); *Interstate Auction, Inc. v. Central Nat'l Ins. Group, Inc.,* 448 N.E.2d 1094, 1098 (Ind.Ct.App.1983).

 Neither the policy nor the exclusion prescribes the exact meaning of the term "public or livery conveyance." The government argues that Martin's affidavit establishes that the exclusion was inapplicable to Martin. Martin argues that Consolidated's agent knew of Martin's intended use of the covered automobile. This knowledge, it argues, establishes that the parties intended the policy to cover Martin while she used her auto as a rural route mail carrier. It is well-settled that the intent of the parties at the time a contract was made may be considered when construing ambiguous language. *First Federal Sav. Bank v. Key Markets, Inc.,* 559 N.E.2d 600, 603 (Ind.1990); *R.R. Donnelley & Sons v. Henry–Williams, Inc.,* 422 N.E.2d 353, 356 (Ind.Ct.App.1981); *Shahan v. Brinegar,* 181 Ind.App. 39, 390 N.E.2d 1036, 1041 (1979). However, the extrinsic evidence that Martin offers does not inform the court as to the intent of the parties. Martin failed to present evidence that the alleged statements

were made before the policy agreement was entered into. She stated in her affidavit that she did not know when she told the agent that she used her vehicle while performing her postal duties, or when the agent told her that he saw no problem with coverage under such circumstances. Martin only stated that she knew the exchange occurred before the accident. Therefore, the alleged conversation does nothing to aid the determination of the intent of the parties and does not establish the meaning of the exclusion.

■■■ The Supreme Court and Court of Appeals of Indiana have not determined the meaning of the policy language in question, and other jurisdictions have interpreted the term "public or livery conveyance" with varying results. Consolidated acknowledges that "[c]ourts have grappled with the interpretation of the ... [public of livery conveyance exclusion] in different factual situations, resulting in conflicting judicial interpretation." (Consolidated's Memorandum filed in support of motion for summary judgment at 6).

The phrase is capable of being understood in two or more possible senses. The term is uniformly defined to include only vehicles which are "used indiscriminately in conveying the public, without limitation to certain persons or particular occasions or without being governed by special terms." *See, e.g., United States Fidelity & Guar. Co. v. American Interinsurance Exch.*, 718 S.W.2d 955 (Ky.Ct.App.1986); *Keplinger v. Mid–Century Ins. Co.*, 115 Ariz. 387, 565 P.2d 893 (Ct.App.1977); *Canal Ins. Co. v. Gensco, Inc.*, 404 S.W.2d 908 (Tex.Civ.App.1966); *Spears v. Phoenix Ins. Co.*, 149 So.2d 118 (La.Ct.App.2d Cir.1963); *Sunshine Mut. Ins. Co. v. Addy*, 74 S.D. 387, 53 N.W.2d 539 (1952); *Stanley v. American Motorists Ins. Co.*, 195 Md. 180, 73 A.2d 1 (1950); *McDaniel v. Glens Falls Indem. Co.*, 333 Ill.App. 596, 78 N.E.2d 111 (1948). The following explanation is frequently cited in cases construing the public or livery conveyance exclusion:

The term 'public conveyance,' as used in policy of automobile collision insurance excluding liability when the insured automobile is used as a public conveyance, means a vehicle used indiscriminately in conveying the public, rather than being limited to certain persons and particular occasions or governed by special terms. The words imply the holding out of the vehicle to the general public for carrying passengers for hire. The words 'livery conveyance' mean about the same thing. (footnote omitted).

10A COUCH ON INSURANCE 2d (Rev. ed.) § 42.580, at 638–39 (Ronald A. Anderson ed., 1982); *See, e.g., United States Fidelity & Guaranty Co.*, 718 S.W.2d at 957. *Black's Law Dictionary* defines livery conveyance as: "A vehicle used indiscriminately in conveying the public, without limitation to certain persons or particular occasions or without being governed by special terms." BLACK'S LAW DICTIONARY (6th ed. 1990) (citation omitted).

However, courts delineate the scope of such use in various ways. When an insured's vehicle is used to carry property or persons in connection with the insured's job and in accordance with limitations established by the employer, as in this case, the interpretation of the term varies. Some courts find that there is no indiscriminate public use if the insured can only carry property and persons that meet certain guidelines established by the employer. For example, in *Keplinger,* the court held the public or livery conveyance exclusion inapplicable where a pick-up truck was used by an insured to deliver newspapers. Although the insured vehicle was driven by a paid employee six days a week to deliver newspapers on behalf of the insured employer, the court reasoned that since it "was [not] available to the public generally," the exclusion did not apply. 565 P.2d at 896. Similarly, in *United States Fidelity & Guaranty Co.,* the term was found inapplicable when the insured, a federal social service agency employee, used her vehicle to transport elderly individuals. The passengers, routes, and destinations were determined by the agency. The free transportation service was limited to persons over sixty years of age. Although the agency had its own federally owned vehicles, the insured used her private vehicle on certain days for which she was reimbursed 18.5 cents per mile. The court found that since the insured was limited as to who she could transport and what route she could take, the privately owned

vehicle was not held out indiscriminately for public use and, thus, the public or livery exclusion did not apply. 718 S.W.2d at 958. Moreover, in *Stanley,* the exclusion was found inapplicable where an insured's vehicle was used to transport club members to a park for a picnic. Although the passengers paid for the service, the court reasoned that the vehicle was not held out to the public for its use indiscriminately but was limited to a certain class of people. 73 A.2d at 2.

On the other hand, the exclusion has been interpreted more broadly to include all vehicles that are used to carry persons or property regardless of the limitations placed on the use of the vehicle. For example in *Allstate Ins. Co. v. Normandie Club,* the public or livery conveyance exclusion was found applicable where an accident occurred while a club employee was driving several patrons home. The court stated that although the insured performed his duties in accordance with fixed routes and schedules, and only provided the service to club customers and members, the vehicle was held out for public use. 221 Cal.App.2d 103, 107, 34 Cal.Rptr. 280, 282 (2d Dist.1963). Courts have also interpreted the phrase to encompass vehicles used for limited purposes. In *Spears* the court held the public or livery conveyance exclusion applicable to a car transformed into an ambulance by a funeral home owner. A passenger was injured while the ambulance was on its way to pick up an accident victim. It was available at all times to anyone who called for ambulance service. Therefore, the court reasoned, the vehicle was held out indiscriminately for public use and was, thus, a public or livery conveyance. 149 So.2d at 121. In delineating the scope of the phrase the court stated that:

> The meaning of the quoted phrase is not limited to taxicabs or buses, but that the same included the using of any other vehicle where the operator uses the vehicle as a means of conveying members of the public, usually for a price, but without discrimination as to the persons within the class of persons to be transported, but indiscriminately for any who may call for such service.

*Id.*

Consolidated argues that because Martin's vehicle was used in her duties as a postal worker, and that the U.S.P.S. provides postal service to all who seek it, the vehicle was held out indiscriminately for use by the general public. On the other hand, Martin argues that because she had designated routes, and special instructions and limitations on what could be carried, the vehicle was not held out indiscriminately to the general public. The court finds that in the context of the present case "public or livery conveyance" is susceptible to more than one reasonable interpretation. Although Martin used her car to carry mail "without discrimination as to the persons within the class of persons [whose mail was] to be transported," as in *Spears,* (*id.*) her service was "limited to certain persons and particular occasions [and] governed by special terms" set by her employer, as in *Stanley* (73 A.2d at 2) and *United States Fidelity* (718 S.W.2d at 957). Martin provided service only to customers specified by the U.S.P.S., and her route was determined by the U.S.P.S. She was not on call at all times to anyone who might require postal service. Because the term is ambiguous, it must be construed in favor of Martin. Accordingly, the court holds that the policy in question provided coverage at the time of Martin's accident, and Consolidated is obligated to indemnify and defend the government in this matter.

Consolidated argues that because the term "public or livery conveyance" replaced the term "for a fee" used previously in their standard personal auto policies, the terms mean the same thing. Consolidated urges the court to follow an Eighth Circuit Court of Appeals case interpreting the term "for a fee" to inform this Court on the meaning of "public or livery conveyance." *United States v. Milwaukee Guardian Ins. Co.,* 966 F.2d 1246 (8th Cir.1992) ("For a fee" exclusion applicable where insured was a postal worker delivering mail on a rural route, because "[t]he postal service . . . is paid a fee by whoever uses its delivery service."). *Id.* at 1247. However, *Milwaukee Guardian* is not dispositive. Although the cases are factually similar, they turn on different contract exclusions. Neither the government nor Consoli-

dated dispute that Martin was carrying mail for a fee. The issue here, however, is whether she was using her car as a "public or livery conveyance" when the accident occurred. The court must ascertain the meaning of this language only and must do so in accordance with Indiana law. Moreover, the "for a fee" exclusion has resulted in the same divergent case results as the "public or livery conveyance" exclusion at issue here. *See, e.g., RPM Pizza, Inc. v. Automotive Casualty Ins. Co.,* 601 So.2d 1366 (La.1992) (exclusion found inapplicable to insured who used his car to deliver pizzas for wages and reimbursement by his employer, a pizza company). The application of the "for a fee" exclusion depends on its own distinct set of factors. *See Johnson v. Allstate Ins. Co.,* 505 So.2d 362 (Ala.1987). For example, in *Johnson,* the court considered the following factors in interpreting the "for a fee" exclusion: whether the passengers cooperatively contributed to the expenses of the journey; *Id.* at 365 (citation omitted); whether the amount paid was a proportionate share of the expenses or was a set fee given to the driver as profit; *Id.* at 366 (citation omitted); and whether the passengers were pursuing a common interest. *Id.* at 366 (citation omitted).

In light of the case law from other jurisdictions, and Indiana law on insurance policy interpretation, it is this court's opinion that the public or livery conveyance exclusion contained in Consolidated's policy, under the facts set-forth above, is ambiguous. The policy provided coverage for Martin at the time of her accident with Pender.

### Conclusion

For the foregoing reasons, the court finds that there is no genuine issue of material fact and that the United States is entitled to judgment in its favor as a matter of law. Accordingly, it is **ORDERED** that the motion for summary judgment of the United States be **GRANTED** and that the motion for summary judgment of Consolidated Insurance Company be **DENIED**. Further, it is **DECLARED** that the United States is an insured under Consolidated's policy number 97 900 227; that the policy provides coverage

for the accident of June 29, 1992; and that Consolidated Insurance Company is obligated under the terms of the policy to indemnify the United States for the costs of defending this action.

**SO ORDERED.**