In Re FLEMING ESTATE.

WELSH et al, Appellants v. FLEMING, Respondent.

(173 N. W. 836).

(File No. 4465. Opinion filed August 15, 1919).

1.  Wills—Contest re Execution, Attestation, Mental Soundness, Undue Influence, Revocation—Jury's Findings re Mentality, Un-

13—Vol. 42, S. D.

due Influence, Sufficiency—Parties' Agreement Confining Issues, Effect as Waiver—Statutory Stipulations, Relevancy.

Where, on trial by jury (Laws 1917, Ch. 182, Code 1919, Sec. 3564), in a contest of a will, two interrogatories were submitted, (1) whether deceased was of sound mind, and (2) whether one F procured will to be made by undue influence, the jury having answered the first question "Yes," and the second "No," sufficiency of evidence to sustain the findings being unquestioned, but sufficiency of findings to sustain judgment admitting will to probate being questioned, held, that failure to submit to jury all issues involved was immaterial, in view of an oral agreement of parties at commencement of trial that the only issues triable were those relative to testator's sanity, and as to whether will was procured by undue influence, such agreement being a waiver of such further submission of questions to jury. Held, further, that the agreements and stipulation comprehended by Pol. Code 1903, Sec. 699, (Code 1919 Sec. 5263) have no reference to such an agreement during progress of trial.

3.    Same—Contest of Probate—Additonal Instruction After Jury's Retirement re Effect of Answers to Special Interrogatives—Authority to Instruct, Tenability of Instruction—Statute.

On trial to jury of validity of a will, trial court after jury's retirement may, at jury's request give an additional instruction as to effect on validity of will of affirmative and negative responses to questions whether testator was mentally sound and whether the will was procured by undue influence; and while such additional instruction should not have been given in absence of and without notice to the parties or their counsel (Code Civ. Proc. 1903, Sec. 262, Code 1919, Sec. 2511), yet such action was error without prejudice, in view of the additional instruction given. Held, further, that trial court should not have instructed jury as to legal effect of their answers to submitted interrogatives, when no general verdict was submitted; that however, such further instruction in effect that if both questions were answered "Yes," the effect of verdict would be to render wil invalid, that if both were answered "No," the contrary would be the effect, that if the first question were answered "Yes" and the second "No," the effect would render the will valid, and that if first question were answered "No," the second "Yes," the effect would be to render will invalid,— was not prejudicial error.

4.    Trial—Contesting Will to Jury—Additional Instruction After Retirement, Non-allowance of Exception, Effect Where General Instructions Unexcepted to and Meaning of Instruction Evident.

The fact that trial court, in a contest to jury of a will gave

an additional instruction after jury had retired, and in absence of the parties' counsel, is non-prejudicial error, where it is apparent that jury must have known from other sources what the court informed them by the additional instruction; the general instructions not being excepted to. So **held**, where the issues were the mental soundness of testator and whether undue influence was used; the additional instruction being as to effect of affirmative and negative responses to special interrogatives.

Polley, J., and Whiting, J., dissenting.

Appeal from Circuit Court, Moody County. Hon. Louis L. Fleeger, Judge.                                                      W

In the matter of the Estate of Patrick Fleming, deceased. Sarah E. Welsh and others, having contested the probate of decedent's will, before a jury, findings and judgment were in favor of its validity. From the judgment admitting will to probate, Sarah E. Welsh and others appeal. Affirmed.

*Hall, Alexander & Purdy,* and *F. A. Warren,* for Appellants.
*Rice & Rice,* and *Lewis Benson,* for Respondent.

(1)   To point one of the opinion, Appellants cited:

Sec. 359, Prob. Code, Laws 1917, Ch. 182; Clough v. Clough, 10 Colo. App. 433, 51 Pac. 513; Estate of Benton, 131 Cal. 472, 63 Pac. 775; Humpfner v. Osborne, 2 S. D. 310, 50 N. W. 88.

Respondent cited:

Steinkuehler v. Wempner, (Ind.) 81 N. E. 482, 15 L. R. A. (N. S.) 673.

(3)   To point three, Appellants cited:

Osage Mercantile Company v. Herrick, 102 Pac. 408; Chouteau v. Jupiter Iron Wks., 94 Mo. 388, 7 S. W. 467; 14 R. C. L. 761.

Respondent cited:

Sec. 262, C. C. P. Laws 1913, Ch. 178; Hughes v. Wheeler, 18 Pac. 386; 14 R. C. L. 761, and cases cited; Ryan v. Rockford, 77 Wis. 611, 46 N. W. 885.

(4)   To point four, Appellants cited:

Crich v. Williamsburg City Fire Insurance Company, 45 Minn. 441, 48 N. W. 198; Sherman v. Menomonee River Lumber Company (Wis.), 45 N. W. 1079.

McCOY, J.   This is an appeal from the judgment of the circuit court of Moody county admitting to probate the will of

one Patrick Fleming, deceased. Appellants contested the probate of said will upon the following grounds: (1) That it was not signed, executed, or attested as required by law; (2) lack of sound and disposing mind and memory on the part of testator; (3) undue influence exercised by one Francis Fleming; (4) that if said alleged will was ever effective it was revoked by the testator before his death by certain conveyances of all the property covered by said will. In accordance with the provisions of chapter 182, Laws of 1917 (section 3564, Code 1919), trial by jury was had of issues of fact raised on said contest. The trial court submitted two special interrogatories to be answered by the jury, as follows: (1) "Was Patrick Fleming, deceased, of sound mind at the time he executed this will?" (2) "Did Francis Fleming procure the will in question to be made by undue influence?" The jury answered the first question "Yes," and the second "No". The appellants do not question the sufficiency of the evidence to sustain the findings of fact made by the jury, but contend that the findings are not sufficient to sustain the judgment, in that the court did not submit to the jury all the material issues raised by the pleadings—that the issues of whether or not the will was signed, executed, or attested according to law, and whether or not the said will had been revoked, were not submitted to the jury.

[1, 2] It appears from the record that it was orally agreed in open court between the respective parties, at the commencement of the trial, that the only issues to be tried were whether or not the said testator was of sound mind when he made said will, and whether or not said will was procured by undue influence. We are of the opinion that this agreement, orally made in open court, waived the necessity of submission to the jury of any other issues than those submitted, and that the trial court committed no error in submitting only the two interrogatories hereinbefore mentioned. We are of the view that the agreements and stipulations comprehended within the meaning of section 699, Pol. Code (section 5263, 1919 Code) have no reference to stipulations made in open court during the progress of a trial.

It is assigned that the trial court erred in giving the following additional instruction after the jury had retired to consider the case:

"The jury then having asked the court what effect it would have upon the validity of the will in question if they answered the questions in different ways, submitted to them, one of them Yes and the other No, the court instructs the jury that if both the questions were answered Yes the effect of the verdict would be to render the will invalid, and if both of the questions were answered No the effect of the verdict would be to render the will invalid. If the first question were answered Yes and the second question No, the effect would be to render the will valid. If the first question were answered No and the second question Yes, the effect would be to render the will invalid."

[3] Appellants contend (1) that the trial court was without power or authority to give such additional instruction after the jury had been sent out to deliberate, except in the presence of the parties or their attorneys or upon due notice to them; (2) that such additional instructions were contrary to law and constitute prejudicial error in this, that it was improper and unlawful to instruct the jury as to the legal effect of the facts to be decided by them. While we are of the view that the trial court should not give additional instructions after jury have retired to deliberate, not in the presence of, or after notice to, the parties or their counsel (section 262, Code Civ. Proc. § 2511, Code 1919), still, we are also of the view, under the circumstances, that this was error wholly without prejudice, considering the character of the additional instruction given. We are also of the view that the trial court should not have instructed the jury as to their answers to the special interrogatories submitted when no general verdict was submitted. However, under the circumstances of this case, we are of the opinion that the giving of the additional instruction complained of was clearly not prejudicial error.

[4] Appellants contend that they were prejudiced by being denied the privilege of excepting to said additional instruction. We are of the view that if appellant had been present and excepted thereto, they would have been in no different or better position than they now are without such exception. It is quite apparent that the jury could not help but know from other sources just what the court informed them by this additional instruction; hence no prejudicial error could be said to reasonably arise

from the complained of instruction. Wankowski v. Crivitz Pulp
Co., 137 Wis. 123, 118 N. W. 643; Bauer v. Richter, ·103 Wis.
412, 79 N. W. 404. The general instructions, to which no ex-
ceptions were taken by appellants and which became the law of
the case, defined sound and disposing mind, sufficient to con-
stitute the testator qualified· to execute the same in connection
with the making of said· will, in such terms as could leave no
reasonable doubt in the mind of any ordinarily intelligent juror
as to what would be the effect of answering the first interroga-
tory with Yes or No. The same situation is also true as to the
general instruction defining undue influence in connection with
the making of the said will. All the evidence introduced had the
inferential effect to inform the jury as to the effect of the an-
swers they might make to the questions submitted. All assign-
ments of error have been carefully examined.

Finding no prejudicial error in the record, the judgment and
order appealed from are affirmed.

POLLEY and WHITING, JJ., dissenting.