## Life & Casualty Insurance Company v. Brame.

(Decided December 10, 1929.)

L. B. ALEXANDER for appellant.

A. M. NICHOLS and W. A. BERRY for appellee.

64

On November 12, 1928, the Life & Casualty Company of Tennessee issued to Carl Brame a policy insuring him against the result of bodily injuries effected solely by external, violent, and accidental means strictly in the manner stated in the policy, and subject to all the provisions and limitations therein contained. Beulah Brame, the mother of the insured, was the beneficiary. In case the insured lost his life, the sum payable was $1,000. In addition to other provisions, the policy contained the following: "Subject to all of its terms and conditions, this policy is extended to cover a telegraph or other messenger boy, if injured on the street while attending to the duties of his employment, whether standing still, walking or riding, and also extended to cover truck drivers, taxicab drivers, street car motormen and street car conductors, when engaged in the line of their employment, in actually driving or operating a public conveyance." On December 16, 1928, the insured lost his life as the result of bodily injuries brought about by a collision between a motorcycle which he was driving and an automobile. The Life & Casualty Insurance Company having denied liability, the beneficiary brought this action to recover on the policy, basing her right of recovery solely on the ground that at the time he received the injuries which resulted in his death the insured was a truck driver engaged in the line of his employment and actually driving or operating a public conveyance. Issue was joined and the jury returned a verdict in favor of plaintiff. The company appeals.

The only question we need determine is whether or not the court erred in refusing to direct a verdict in favor of the company. The evidence discloses that the insured was working for the Thomas Service Company, a corporation engaged in the garage business. Insured was a general service man who waited on the public. At the time of the accident he was on a tire service call, and was driving a Harley-Davidson motortruck called a package truck. It is a three-wheel vehicle with a bed 20 inches high, 20 inches wide, and 4 or 5 feet long. It was used to take employees to the place of trouble, and carry tires, batteries, and repair parts for automobiles, together with such tools as might be needed, and was so equipped on the occasion in question. On receiving the call from

Sixth and Clay streets in Paducah, the insured started in that direction. When he reached the intersection of Sixth and Harrison streets, which is about a square from the place of the call, he collided with a car driven by C. H. Clements, and received the injuries resulting in his death. There is no escape from the conclusion that the words "when engaged in the line of their employment in actually driving or operating a public conveyance" qualify truck drivers and taxicab drivers as well as street car motormen and street car conductors. If these words had been intended only as a limitation on street car motormen and street car conductors, it would not have been necessary to use any other words than "operating." The employment of the word "driving" shows that the qualifying words were intended to apply to those persons theretofore referred to as drivers; that is, truck drivers and taxicab drivers. Hence, to bring the case within the provisions of the policy it was necessary to show that at the time of the injuries resulting in his death the insured was not only a truck driver, but was engaged in the line of his employment in actually driving a public convey- ance. Though it be conceded that the machine he was driving was a truck, it remains to determine whether it was a public conveyance. Manifestly, a public convey- ance is one that is used for transporting the public or the personal property of the public. Here the machine was not used to carry the public, or the personal property of the public. It was used by the insured merely to trans- port him and the personal property of his employer. That being true, it was in no sense a public conveyance. Having failed to prove that the insured was actually en- gaged in driving a public conveyance at the time of the accident, it necessarily follows that the plaintiff was not entitled to recover under the provisions of the policy relied on, and that the trial court erred in overruling the company's motion for a peremptory instruction.

It is suggested in argument that at the time of the accident the insured was a messenger, and therefore within the provisions of the policy. That question, how- ever, is not before us. The case was pitched on the ground that the insured was a truck driver actually en- gaged in driving or operating a public conveyance, and there was no attempt to plead or prove that the insured was a messenger. Manifestly, a judgment that is erron-

eous because based on a ground not supported by the proof cannot be sustained on another ground that is neither pleaded nor proved.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.