ALLIED MUTUAL CASUALTY COMPANY, Appellant

v.

MILBANK MUTUAL INSURANCE COMPANY, Respondent

(129 N.W.2d 543)

(File No. 10055.  Opinion filed July 2, 1964)

614

**Royhl, Benson & Beach,** Huron, for Plaintiff and Appellant.

**Stover, Beardsley & Osheim,** Watertown, **Benson & Schreiner,** Ortonville, Minn., for Defendant and Respondent.

HERSRUD, Circuit Judge.

Ted Decker farmed in Beadle County, South Dakota, and in his farming operations had a farm truck which was insured by Milbank Mutual Insurance Company to the extent of actual cash value. The policy insured the vehicle as a private passenger or utility automobile and the policy described him as a farmer and the application stated the truck was to be used for farm hauling.

During the spring of 1958 Mr. Decker decided to engage in custom combining. He discussed this with the agent through whom he had purchased the insurance from Milbank Mutual Insurance Company and was informed his policy did not cover such an operation. Thereafter he contacted an agent of Allied Mutual Casualty Company informing him of his plans and was issued a policy of insurance on this farm truck giving the occupation of the insured as custom combining and stating the insured vehicle was to be used in connection with the custom combining of wheat. The vehicle in this instance was insured for a stated amount of $5,064.19. The premium rate for the custom combining

was considerably higher than the premium rate for farm hauling. The truck was destroyed by fire in Texas while assured was engaged in custom combining.

Allied Mutual Casualty Company, plaintiff in this action, paid the full amount of the loss and now seeks to collect one-half of the loss from Milbank Mutual Insurance Company. The trial court held for the defendant and the plaintiff appeals.

■ It is a well settled rule that contribution follows where two policies insure the same risk.

■ The assured was engaged in his occupation of custom combining at the time of the loss for which he was insured by the Allied Mutual Casualty Company under no mistake or fraud. This loss they have paid. Is there any basis under which they can secure contribution from the Milbank Insurance Company? If Allied Mutual Casualty Company is to recover, it must find friendly shelter under the policy of insurance sold to the assured by the Milbank Mutual Insurance Company.

The Milbank policy, in so far as material here, excluded any automobile used as a public or livery conveyance:

"Exclusions: This policy does not apply under Part 1:

(a) to any automobile while used as a public or livery conveyance."

Does custom combining of wheat constitute use as a public conveyance?

Custom combining is carried on in the following manner: the operator proceeds to each field with his combine and trucks, he then cuts the grain with his combine at a certain price per acre and hauls the grain to a grain elevator or grain bin at a certain price per bushel. This operation, whether going to or from the field or to or from Texas is all part and parcel of the operation for hire and is use of the truck as contemplated in the exclusion of a public conveyance. Thus the loss occurred while the vehicle was engaged in custom work almost across the country from the farm where the Milbank Mutual Insurance Company had insured this vehicle for farm hauling.

This court held in Sunshine Mutual Insurance Company v. Addy, 74 S.D. 387, 53 N.W.2d 539, that the hauling of cattle for hire constituted use as a public conveyance. See Words & Phrases, Vol. 35, page 117. It would reasonably follow that the hauling of any commodity for hire would come under the same rule. See also 30 A.L.R.2d 280. The assured himself, without advice of counsel, thought coverage sufficiently doubtful to contact his agent who stated there was no coverage on commercial or custom operations. In accord with the reasoning of the last Addy decision the Milbank Mutual Insurance Company policy does not cover the loss here suffered. Therefore the plaintiff is not entitled to contribution.

■ While some of the discussion before trial supports plaintiff's contention that cancellation of defendant's policy by its agent was the only issue involved, the answer raised the question of coverage. No pretrial hearing was held or order made limiting issues to be tried as provided by SDC 1960 Supp. 33.1003. See Kindley v. Williams, 76 S.D. 225, 76 N.W.2d 227, 57 A.L.R. 1070; Hyde v. Hyde, 78 S.D. 176, 99 N.W.2d 788 and Johnson v. Hanna, 78 S.D. 324, 101 N.W.2d 830. In an action tried to the court, absent such order, estoppel or reliance on a definite stipulation issues presented by the pleading remain for decision. Cf. In re Fleming's Estate, 42 S.D. 193, 173 N.W. 836.

Affirmed.

BIEGELMEIER, P. J., and RENTTO, HANSON and HOMEYER, JJ., concur.

HERSRUD, Circuit Judge, sitting for ROBERTS, J., disqualified.