[Civ. No. 30313.   Second Dist., Div. One.   Nov. 15, 1966.]

PHOEBE G. WETZLER, Plaintiff and Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

Bodle & Fogel, Daniel Fogel, Stephen Reinhardt and Loren R. Rothschild for Plaintiff and Appellant.

Butterworth & Smith, Edward L. Butterworth, David G. Waller and Stuart C. Bishop for Defendant and Respondent.

LILLIE, J. — Plaintiff sought recovery of $5,000 under defendant's policy which indemnified her for the death of her husband. The cause was submitted for decision on a written stipulation of facts. Plaintiff appeals from judgment entered for defendant. The sole issue is whether the trial court properly construed a certain exclusionary clause in the policy.

Decedent's death was proximately caused by a collision between a freight train, of which he was a crew member (brakeman), and a truck-trailer loaded with gasoline. In view of his employment as brakeman, it was stipulated (in addition to other matters not here relevant) that the duties which decedent was then performing were incident to the transportation, loading and unloading of freight; it was further stipulated, however, that such duties were not incident to the operation of loading or unloading of passengers. The exclusionary clause in the policy issued by defendant company provided that the indemnity did not apply where death resulted from bodily injury sustained while engaged "in duties incident to the operation, loading, or unloading of, or as an assistant on, a public or livery conveyance. . . ." The issue, then, is whether a common carrier of freight is a "public or livery conveyance."

Appellant contends that the term above quoted applies only to the transportation of passengers for hire and not to the hauling of freight; respondent, on the other hand, argues against such limited exclusion. Invoking the rule that an insurance policy should be construed most strongly against the insurer, as well as the companion principle that any ambiguity should be resolved against the company, appellant further points out that exceptions or exclusions in a policy are particularly governed thereby since the insurer is under an obligation to spell out any such provisos in clear and unmistakable language. (*Prickett* v. *Royal Ins. Co. Ltd.*, 56 Cal.2d 234, 237 [14 Cal.Rptr. 675, 363 P.2d 907, 86 A.L.R.2d 711].) She cites cases,[1] two arising in California,[2] which not only hold that the phrase in question is not ambiguous but, on the

---

[1]*Stanley* v. *American Motorist Ins. Co.*, 195 Md. 180 [73 A.2d 1, 30 A.L.R.2d 268]; *Allor* v. *Dubay*, 317 Mich. 281 [26 N.W.2d 772]; *Pimper* v. *National American Fire Ins. Co.*, 139 Neb. 109 [296 N.W. 465]; *Elliott* v. *Behner*, 150 Kan. 876 [96 P.2d 852].

[2]*American Motorists Ins. Co.* v. *Moses*, 111 Cal.App.2d 344 [244 P.2d 760]; *Allstate Ins. Co.* v. *Normandie* Club, 221 Cal.App.2d 103 [34 Cal. Rptr. 280].

contrary, assertedly determine that the subject language conveys the meaning contended for by her. It appears, however, that in all of such cases the court was not confronted with the exact situation here, namely, a conveyance of freight as against a conveyance of passengers. Thus, in each instance the insurer denied coverage under a "public or livery conveyance" exclusion clause because the named automobile was being used to transport passengers for compensation; since the facts of each case established that the transportation, albeit for compensation, was only casual or on a selective (share-the-ride) basis, the named automobile was not a "public conveyance" and the exclusion did not apply.

The above distinction is clearly pointed out by the Supreme Court of South Dakota in *Sunshine Mut. Ins. Co.* v. *Addy*, 74 S.D. 387 [53 N.W.2d 539], where the plaintiff company sought a declaratory judgment that it was not liable under a policy containing the following clause: " 'Exclusion' . . . 'This policy does not apply: (a) under any of the coverages, while the automobile is used as a public or livery conveyance, or for carrying persons for charge, unless such use is specifically declared and described in this policy. . . .' " At the time of the accident, defendant's truck was being used to haul livestock for hire as a Class B motor carrier under a permit issued by the Public Utilities Commission. Holding that such use of the truck constituted use as a "public conveyance," the court said: "The fallacy of respondents' [defendants'] position has to do with this matter of which word, i.e. 'conveyance' or 'public', is in question. Without exception all the cases cited by respondents on this phase of the case deal not with a type of 'conveyance', nor with the question of a conveyance of freight as against a conveyance of passengers but rather with a casual or incidental conveyance of passengers as against an habitual or authorized and licensed conveyance of passengers. As a result the language used in the cases defining the composite term 'public conveyance' quite naturally involves only passenger transportation. A reference to freight transportation in these cases would have been wholly extraneous; . . ." (53 N.W.2d 539, 541.) The South Dakota court reached the same determination in a later case, *Allied Mut. Cas. Co.* v. *Milbank Mut. Ins. Co.* 80 S.D. 613 [129 N.W.2d 543], where a truck employed for "custom combining"[3] was destroyed by fire.

---

[3]"Custom combining" is thus described in the opinion: ". . . the operator proceeds to each field with his combine and trucks, he then cuts the

While the case last cited was decided in 1964, more than a year before *Allstate Ins. Co.* v. *Normandie Club*, 221 Cal.App. 2d 103 [34 Cal.Rptr. 280] (fn. 2), one of the two California cases relied on by appellant, no mention is made therein of the latter decision. Upon the reasoning of *Sunshine Mut. Ins. Co.* v. *Addy*, 74 S.D. 387 [53 N.W.2d 539], which it followed, we nonetheless have no doubt that *Allstate* could have been readily distinguished. *Allstate Ins. Co.* v. *Normandie Club*, 221 Cal.App.2d 103 [34 Cal.Rptr. 280], involved a denial of coverage under a "public and livery conveyance" exclusion, the vehicle in question being regularly used to transport customers to and from a gambling club; nothing was decided, nor had to be decided, with respect to the particular problem presented by this appeal. *American Motorists Ins. Co.* v. *Moses*, 111 Cal.App.2d 344 [244 P.2d 760], the other California case mentioned in the same footnote, *supra*, is likewise not determinative of the issue. The case did not decide the specific question, as claimed by appellant, that the use put by the particular vehicle constituted a "public or livery conveyance" within the exclusionary clause prohibiting such use; indeed, as stated by the court in the opinion: "Our conclusions render it unnecessary for us to consider this question." (P. 350.) Too, it appears that the only other point decided in *American Motorists* is that under the facts there presented injuries to passengers carried by a truck are not covered by an automobile liability insurance policy issued to the owner as a "truckman" where both insurer and insured understood such word to mean one "whose business it is to convey goods on trucks" and where, additionally, the carrying of passengers (agricultural laborers to rural areas) did not constitute a mere occasional use of the vehicle for such purposes.

In *Life & Cas. Ins. Co.* v. *Brame*, 232 Ky. 63 [22 S.W.2d 439], the decedent was insured by a policy which included coverage for " 'truck drivers . . . when engaged in the line of their employment, in actually driving or operating a public conveyance.' " (P. 439.) He was killed when a three-wheel vehicle he was driving on a tire service call for his employer collided with an automobile. The reviewing court, while conceding that the vehicle driven by deceased was a truck, held that it was not a "public conveyance" within the mean-

---

grain with his combine at a certain price per acre and hauls the grain to a grain elevator or grain bin at a certain price per bushel." (129 N.W.2d at p. 544.)

ing of the covering clause : "Manifestly, a public conveyance is one that is used for transporting the public or the personal property of the public," but not, as in the case at bar, the personal property of defendant's employer. (P. 440.)

The Kentucky court's use of the word "Manifestly" assumes importance in light of appellant's closing contention that "we must look to the common definition of the term 'public or livery conveyance'. . . ." ▮ While, as noted at the outset, any ambiguity in an insurance contract will be resolved adversely to the insurer, such rule is not without limitation. Some actual or apparent ambiguity must be present before the rule comes into play. (*Carabelli* v. *Mountain States Life Ins. Co.*, 8 Cal.App.2d 115 [46 P.2d 1004].) ▮ Too, "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914].) ▮ In view of the fact that the meaning of the subject language was "manifestly" clear to at least one state court of last resort and since the matter was submitted without any extrinsic evidence to aid in the interpretation of the instrument, the trial court's interpretation of the clause must be accepted if it is "equally tenable" with our own. (*Parsons* v. *Bristol Dev. Co.*, 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839].) After careful consideration of the cases hereinbefore discussed, we are inclined to the latter view.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.