Diana L. MORRIS, Plaintiff,

WAUSAU INSURANCE COMPANIES and WEA Insurance Group, Nominal-Plaintiffs,

v.

James M. BUTTNEY, individually and d/b/a Northwoods Delivery Service, and Auto-Owners Insurance Company, Defendants-Appellants,

SOCIETY INSURANCE COMPANY, a mutual company, Defendant-Respondent.

Court of Appeals

*No. 99–0873. Submitted on briefs December 7, 1999.—Decided December 28, 1999.*

## 2000 WI App 23

(Also reported in 606 N.W.2d 626.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Keith F. Ellison* of *Wendorff, Ellison & David* of Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James W. Mohr, Jr.* of *Mohr & Anderson, S.C.*.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. James Buttney, Northwoods Delivery Service and Auto-Owners Insurance Company (collectively, Buttney), appeal from a summary judgment declaring that Society Insurance Company is under no duty to defend or indemnify Buttney, its insured, for claims arising from an automobile accident. Buttney also appeals from an order denying his motion for reconsideration. Buttney argues that the "public or livery conveyance" exclusion in Society's policy does not apply where, as here, the insured automobile is used for delivering packages as opposed to transporting passengers. He argues, in the alternative, that even if the exclusion is deemed applicable to transport both people and goods, application of the exclusion is precluded because the insured automobile was not held out for use by the general public at the time of the accident. We conclude that the term "public or livery conveyance" applies to the transport for hire of things as well as people. We further conclude that at the time of the accident, Buttney's vehicle was not only being used as a public or livery conveyance, but was additionally held out for hire to the general public. Accordingly, we affirm the judgment and order.

## BACKGROUND

¶ 2. Buttney is the sole owner of a business known as Northwoods Delivery. Northwoods is a general delivery service, available to the public, that is in the business of picking up and delivering essentially anything except hazardous waste and groceries. It also operates as a messenger service and air forwarder.

¶ 3. On December 22, 1994, Buttney was involved in an automobile accident, resulting in the underlying action by Diana Morris, the driver of the other vehicle, against Buttney and his insurers. At the

464

time of the accident, Buttney, driving his 1987 Jeep Grand Cherokee, was attempting to drop off several undelivered packages at a Federal Express drop box. The jeep and another Buttney-owned vehicle were insured under a Society-issued personal auto policy. Auto-Owners concurrently insured Buttney's 1990 Chevy truck for business use. Buttney's deposition testimony revealed his belief that the reason he had policies with two separate insurers was that the Auto-Owners policy was intended to cover the vehicle used by the business, and the Society policy was intended to cover his personal vehicles.

¶ 4. Society's personal auto policy contained the following relevant exclusion to its liability coverage:

> We do not provide Liability Coverage for any . . . person's liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

Society, arguing that Buttney was using his personal vehicle as a "public or livery conveyance" at the time of the accident, moved for summary judgment. Buttney argued that the exclusion was inapplicable because the term "public or livery conveyance" referred only to carrying passengers as opposed to packages. The circuit court concluded that the term referred to "carrying anybody or anything for hire." It granted Society's summary judgment motion and subsequently denied Buttney's motion for reconsideration. This appeal followed.

465

¶ 5.  Whether summary judgment was appropriately granted presents a question of law that we review independently of the circuit court. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593, 597 (Ct. App. 1991). When reviewing a summary judgment, we utilize the same analysis as the circuit court and must apply the standards set forth in § 802.08(2), STATS. *See Schultz v. Industrial Coils, Inc.*, 125 Wis. 2d 520, 521, 373 N.W.2d 74, 74–75 (Ct. App. 1985). In general, "summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 224, 522 N.W.2d 261, 263 (Ct. App. 1994).

¶ 6.  Buttney argues that the plain meaning of the "public or livery conveyance" exclusion is that it applies to the hired transport of people only. Specifically, while Society contends that the exclusion is applicable to the hired transport of both people and things, Buttney asserts that the term has been limited in its application to the hired transport of passengers only. The applicability of the "public or livery conveyance" exclusion to the facts of the instant case involves the interpretation of the insurance policy's terms—a question of law that this court determines de novo. *See Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 667, 436 N.W.2d 321, 323 (1989).

¶ 7.  Buttney cites a number of cases that define the term as follows:

> The term "public conveyance" means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions

or governed by special terms. The words "public conveyance" imply the holding out of the vehicle to the general public *for carrying passengers for hire*. The words "livery conveyance" have about the same meaning.

*Elliott v. Behner*, 96 P.2d 852, 852 (Kan. 1939) (emphasis added); *see also Stanley v. American Motorists Ins. Co.*, 73 A.2d 1 (Md. 1950); *Spears v. Phoenix Ins. Co.*, 149 So. 2d 118 (La. App. 1963).

¶ 8.   Buttney focuses on the language regarding the "carrying of passengers for hire" to support his interpretation of the term's applicability. However, the cases Buttney cites deal exclusively with situations in which people, as opposed to things, were being transported.[1] Any reference to the transportation of

---

[1] In *Elliott v. Behner*, 96 P.2d 852, 856 (Kan. 1939), an insurance policy excluded coverage for automobiles "used as a public or livery conveyance for carrying passengers for compensation." The insured vehicle was a truck the county furnished to transport its employees, free of charge, from the county garage to their work site. The Kansas Supreme Court, concluding that the vehicle was not held out for use by the public, held that the truck was not subject to the exclusion. *See id.* at 857.

In *Stanley v. American Motorists Ins. Co.*, 73 A.2d 1, 2 (Md. 1950), as here, the insurance policy excluded coverage where "the automobile is used as a public or livery conveyance." *Stanley* involved the transportation of club members to a picnic for the aggregate sum of $18 in transportation tickets. *See id.* The *Stanley* court determined that the exclusion was inapplicable because the vehicle was not held out to the public, but rather was available to club members only.

In *Spears v. Phoenix Ins. Co.*, 149 So. 2d 118 (La. App. 1963), the public or livery conveyance exclusion was found applicable to an automobile that was used as an ambulance and kept on call as a service incidental to the operation of a funeral home.

467

property in these cases would therefore have been extraneous, as the question of whether the "public or livery conveyance" exclusion applied to both people and things was not at issue. *See Wetzler v. State Farm Mut. Auto. Ins. Co.*, 246 Cal.App.2d 472, 474, 54 Cal.Rptr. 756, 757 (Cal. App.2d 1966).

¶ 9.    The *Wetzler* court, in contrast, was faced with the specific issue of whether a public or livery conveyance exclusion was applicable to a common freight carrier. *See id.* at 473, 54 Cal.Rptr. at 757. In determining that the exclusion language applied to freight, as well as passengers, the *Wetzler* court relied on *Life & Cas. Ins. Co. v. Brame*, 22 S.W.2d 439, 440 (Ky. App. 1929), which defined the term "public conveyance" as follows: "Manifestly, a public conveyance is one that is used for transporting the public or the personal property of the public." *See Wetzler*, 246 Cal. App.2d at 475–76, 54 Cal. Rptr. at 758.

¶ 10.    As in *Wetzler* and *Brame*, where courts have addressed the issue presented in the instant case, the public or livery conveyance exclusion has been interpreted as applying to the hired transport of both people and things. *See Allied Mut. Cas. Ins. Co. v. Milbank Mut. Ins. Co.*, 129 N.W.2d 543 (S.D. 1964); *Canal Ins. Co. v. Gensco, Inc.*, 404 S.W.2d 908 (Tex. Civ. App. 1966); *Keplinger v. Mid-Century Ins. Co.*, 565 P.2d 893 (Ariz. App. 1977). In *Allied*, the South Dakota Supreme Court held that the hauling of any commodity for hire would constitute a vehicle's use as a public conveyance. *See id.* at 544.

¶ 11.    The *Canal* court, while acknowledging the exclusion's applicability to the transport of passengers for hire, additionally recognized that the public or livery conveyance exclusion is applicable "*if the insured vehicle is held out to the general public for carrying*

*freight and is being so used." Id.* at 910 (emphasis added). The insured vehicle was a leased truck that was used by the lessee only to haul its own products. Despite the exclusion's applicability to the transport of goods as well as people, the *Canal* court held that because the insured vehicle was not available for rent to the general public, the exclusion would not apply. *See id.*

¶ 12.   Likewise, in *Keplinger,* the insured vehicle was used to deliver newspapers, and although the *Keplinger* court recognized that "the term 'public or livery conveyance' encompasses freight as well as persons," it determined that the exclusion was inapplicable because the vehicle was not held out for public use. *Id.* at 896.

¶ 13.   Given the consistent interpretation over time of the term "public or livery conveyance," especially where the specific issue of the instant case has been addressed, we conclude that a common meaning has attached to the term—this common meaning contemplates the transport for hire of things as well as people. We must give an insurance policy's language its common and ordinary meaning. *See Auto-Owners Ins. Co. v. Rasmus,* 222 Wis. 2d 342, 348, 588 N.W.2d 49, 52 (Ct. App. 1998).

¶ 14.   The meaning consistently attached to "public or livery conveyance" is further supported by the dictionary definitions of the words that make up the term. To determine the ordinary, common meaning of a word, "guidance is more appropriately sought in a nonlegal dictionary." *Weimer v. Country Mut. Ins. Co.,* 216 Wis. 2d 705, 723, 575 N.W.2d 466, 473 (1998). Turning to the words of the "public or livery conveyance" exclusion, "public" is defined, in pertinent part as "[m]aintained for or used by the people or community."

THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1056 (New College ed. 1975). "Livery" is defined, in pertinent part, as: "The hiring out of horses and carriages . . . . The official delivery of property, especially land, to a new owner." *Id.* at 764. Finally, "conveyance," is defined, in relevant part, as "[t]he act of transporting, transmitting, or communicating." *Id.* at 292. Accordingly, we conclude that these dictionary definitions, combined with the various courts' consistent interpretation of the term, have attached historical meaning to the term "public or livery conveyance," a meaning that applies the term to the transport for hire of things as well as people.

¶ 15.    Despite its common meaning, Buttney nevertheless argues that "the confusing and ambiguous nature of [the] case law [on this issue]" requires that the exclusion be construed against the insurer. As previously noted, any confusion created by the case law arises from the term's application to differing fact patterns. Cases involving the hired transport of property, as opposed to people, however, have consistently found the exclusion applicable to both.

¶ 16.    Buttney cites *Pender v. United States*, 866 F. Supp. 1129 (N.D. Ind. 1994), to support his contention that the case law creates ambiguity.[2] We conclude that *Pender* provides no such support. In *Pender*, a United States Postal Service employee was involved in an accident while using her personal automobile to deliver mail on an assigned route. As in the instant

---

[2] Buttney additionally relies on this court's decision in *Ennis v. Western Nat'l Mut. Ins. Co.*, 225 Wis. 2d 824, 593 N.W.2d 890 (Ct. App. 1999). *Ennis*, however, is irrelevant to the instant case because the question of whether the term "public or livery conveyance" applied to the transport for hire of things as well as people was not at issue.

case, the *Pender* insurance policy excluded coverage for vehicles being "used as a public or livery conveyance." *Id.* at 1132. Although *Pender* recognized that the exclusion applied to the hired transport of both people and property, the issue was whether the vehicle's use as a mail carrier with designated routes, special instructions and limitations, constituted an indiscriminate holding out for public use. It was in this context alone that the *Pender* court determined that the term "public or livery conveyance" was "susceptible to more than one reasonable interpretation." *Id.* at 1137. With regard to the issue presented here, the *Pender* court determined that the term applied to the hired transport of things as well as people.[3]

---

[3] Buttney argues that separate language in the policy contributes to the ambiguity of the "public or livery conveyance" exclusion. We disagree. First, he points to the definition section of the policy, which provides in pertinent part:

J. "Your covered auto" means:

. . . .

2. Any of the following types of vehicles on the date you become the owner:

a. a private passenger auto; or

b. a pickup or van that:

. . . .

(2) is not used for the delivery or transportation of goods and materials unless such use is:
(a) incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or
(b) for farming or ranching.

"Business" is defined to include "trade, profession or occupation." The definition cited, however, goes to the policy's general liability coverage. This does not alter the specific exclusion from coverage for vehicles used as a "public or livery conveyance."

Similarly, Buttney cites another exclusion indicating that no liability coverage is provided to any person:

¶ 17. Buttney argues, in the alternative, that even if the exclusion is deemed applicable to the transport of both people and goods, application of the exclusion is precluded because the insured automobile was not held out for use by the general public at the time of the accident.[4] To apply a "public or livery conveyance" exclusion, the insured vehicle must be held out to the general public for carrying people or property and must be used as such at the time of the accident. *See Canal*, 404 S.W.2d at 909–10. Buttney asserts that because he was delivering packages solely for Federal

> Maintaining or using any vehicle while that person is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6. This exclusion . . . does not apply to the maintenance or use of a:
>
> a.   private passenger auto;
>
> b.   pickup or van that you own; or
>
> c.   "trailer" used with a vehicle described in a. or b. above.

Buttney contends that if Society had intended to exclude the private passenger automobile from being used in business, it would have said so. In interpreting the language of an insurance contract, "[t]he contract is to be considered as a whole in order to give each of its provisions the meaning intended by the parties." *Stradinger v. City of Whitewater*, 89 Wis. 2d 19, 31, 277 N.W.2d 827, 831 (1979). When these exclusions are read in conjunction with each other, it becomes clear that private passenger autos are not excluded from coverage when used for one's business unless such use is as a "public or livery conveyance." The two clauses are not mutually exclusive; rather, the "public or livery conveyance" exclusion is an exception to the otherwise permissible use of private passenger autos for business.

[4] Buttney does not argue that the public or livery conveyance exclusion is ambiguous in determining whether his insured vehicle was held out for use by the general public at the time of the accident. Rather, he asserts that the facts of his case do not support such a finding.

Express at the time of the accident, his vehicle was not held out for use by the general public. He further argues that because he had completed his deliveries, his vehicle could not be deemed a "public or livery conveyance" at the time of the accident. Buttney's arguments are unpersuasive.

¶ 18.   During his deposition, Buttney stated that on the day of the accident, he happened to be delivering packages exclusively for Federal Express. However, his deposition also revealed that less than five percent of his business was with Federal Express. In fact, Buttney agreed that, on any given day, if a customer would want a package delivered, he would try to honor the request, time constraints permitting. Accordingly, we conclude that although Buttney may have been delivering packages exclusively for Federal Express at the time of the accident, his deposition testimony confirms that his services were nevertheless available to the general public.

■

¶ 19.   Further, Buttney admitted that at the time of the accident, he was attempting to pull into a convenience store parking lot to drop off undelivered packages in a Federal Express drop box and, as such, considered himself to be in the business of his delivery work. We therefore conclude that Buttney's vehicle was being used as a "public or livery conveyance" at the time of the accident.

*By the Court.*—Judgment and order affirmed.