*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN PIZZA HUT, INC., and AMERISURE MUTUAL INSURANCE COMPANY,

UNPUBLISHED
July 14, 2022

Plaintiffs-Appellees,

v

No. 356737
Allegan County Circuit Court
LC No. 20-063037-NI

HOME-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant, Home-Owners Insurance Company, appeals as of right the trial court's order granting summary disposition to plaintiff Pizza Hut and its insurer, plaintiff Amerisure Mutual Insurance Company under MCR 2.116(C)(10), in this declaratory judgment action. On appeal, defendant argues that the trial court erred in granting plaintiffs' motions for summary disposition because the underlying insurance policy excluded coverage. For the reasons expressed below, we affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

Justin Kiry worked at Pizza Hut's Plainwell location as a pizza delivery driver. Pizza Hut paid Mr. Kiry an hourly wage and an additional $1.50 per delivery to reimburse him for maintenance, gasoline, and other expenses involving the use of his personal vehicle to deliver pizzas. Mr. Kiry used his mother's 2005 Nissan Altima, insured by defendant, in the course of his employment as a Pizza Hut delivery driver. On July 17, 2017, as Mr. Kiry left Pizza Hut's parking lot to deliver his first pizza order of the day, he collided with motorcyclist James Devine, who allegedly sustained injuries as a result of the accident. Home-Owners denied liability, reasoning that the policy excludes coverage when the automobile is used for transporting goods or people.

Mr. Devine subsequently filed suit against Mr. Kiry, his mother, Christina Stickney, and Pizza Hut, alleging various claims of negligence and vicarious liability. Following Home-Owners' continued refusal to provide coverage, plaintiffs filed their complaint seeking declaratory relief against Home-Owners, asking the court to enter judgment finding that Home-Owners owed the

duties to defend and indemnify plaintiffs. Plaintiffs and Home-Owners filed cross-motions for summary disposition pursuant to MCR 2.116(C)(10).

In its motion, Home-Owners argued that its policy precludes coverage when an automobile is used for business purposes. The Home-Owners personal automobile insurance policy issued to Kiry's mother provided, in relevant part:

1. EXCLUSIONS. Liability Coverage does not apply:

c. to any **automobile** while used as a public or livery conveyance. This exclusion does not apply to: (1) car pooling on a share the expense basis; nor (2) use of a **private passenger automobile** for volunteer or charitable purposes or for which reimbursement for normal operating expenses is received.

In its competing motion for summary disposition, Amerisure argued that Mr. Kiry's use of the automobile did not constitute a "public or livery conveyance" because he did not hold his vehicle out for hire by the general public. Moreover, Amerisure argued that even if Mr. Kiry was using the automobile as a public or livery conveyance, Mr. Kiry's use fell within the exception to the exclusion—when reimbursement for normal operating expenses is received.

The trial court agreed with plaintiffs and found "public or livery conveyance" to mean the holding of a vehicle out to the general public for carrying passengers for hire and not the transport of goods. The court further noted that regardless of whether goods are included in the definition, Mr. Kiry's conduct nevertheless fell within the exception to the exclusion. The court explained that Pizza Hut's reimbursement of $1.50 per delivery to Mr. Kiry constitutes a reimbursement for normal operating expenses. The trial court granted plaintiffs' motion for summary disposition, declaring that Home-Owners is obligated to defend or indemnify plaintiffs in any action arising from the July 17, 2017, motor vehicle accident. This appeal followed.

## II. CONTRACT INTERPRETATION

Home-Owners argues that the trial court erred when it defined "public and livery conveyance" to include only the transport of passengers and not the transport of goods.

We review de novo a trial court's interpretation and application of an insurance policy. *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 533; 676 NW2d 616 (2004). "[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Therefore, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id*.

"An insurance policy is a contract that should be read as a whole to determine what the parties intended to agree on." *McKusick v Travelers Indemnity Co*, 246 Mich App 329, 332; 632 NW2d 525 (2001). "The contract language will be given its ordinary and plain meaning, rather than a technical or a strained construction." *Wilson v Home Owners Mut Ins Co*, 148 Mich App 485, 490; 384 NW2d 807 (1986). Courts are to enforce an insurance policy's terms "as written when no ambiguity is present." *Hellebuyck v Farm Bureau Gen Ins Co of Michigan*, 262 Mich App 250, 254; 685 NW2d 684 (2004). An insurance policy's terms are only "ambiguous when its

words may be reasonably understood in different ways." *Id*. If an exclusion in an insurance policy applies to a particular claim, coverage under the policy is lost. *Century Surety Co v Charron*, 230 Mich App 79, 83; 583 NW2d 486 (1998). "Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume." *Id*. "Exclusionary clauses in insurance policies are strictly construed in favor of the insured." *Hayley v Allstate Ins Co*, 262 Mich App 571, 574; 686 NW2d 273 (2004).

Home-Owners' policy excludes coverage to "any automobile while used as a public or livery conveyance." As "public or livery conveyance" is not defined in the underlying policy, we may consult a dictionary to ascertain the plain and ordinary meaning of these words. *Auto Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015). The word "public" is defined, in relevant part, as "relating to, or involving an entire community, state, or country[,] . . . [o]pen or available for all to use, share, or enjoy." *Black's Law Dictionary* (11th ed. 2019). The word "livery" is defined, in relevant part, as "the delivery of the possession of real property[,] . . . [t]he boarding and care of horses for a fee[,] . . .[and] [a] business that rents vehicles." *Id*. Lastly, "conveyance" is defined as "[t]he voluntary transfer of a right or of property." *Id*. Pursuant to these definitions, we hold that the phrase "public conveyance or livery" includes the public transport of both goods and services. This definition is consistent with the conclusion of other courts that the same exclusion includes the transport for hire of people and *goods*. *Morris v Buttney*, 232 Wis 2d 462, 470; 606 NW2d 626 (1999) (holding that the "dictionary definitions, combined with the various courts' consistent interpretation of the term, have attached historical meaning to the term 'public or livery conveyance,' a meaning that applies the term to the transport for hire of things as well as people.").

While the "public or livery conveyance" exclusion has seldom been addressed in Michigan, the Supreme Court in *Allor v Dubay*, 317 Mich 281; 26 NW2d 772 (1947), discussed its application in an automobile insurance policy similar to the one before us. In *Allor*, the plaintiff was injured in an automobile accident while riding as a passenger as defendant drove her and other coworkers to their homes from work, pursuant to a "share-the-ride" arrangement whereby the plaintiff paid defendant $2.50 per week for transportation. *Id*. at 282. The insurance policy excluded liability "while the automobile is used as a public or livery conveyance." *Id*. The *Allor* Court held that the exclusion did not apply, as defendant was not using the vehicle as a public conveyance:

> 'The term 'public conveyance' means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions or governed by special terms. The words 'public conveyance' imply the holding out of the vehicle to the general public for carrying passengers for hire. The words 'livery conveyance' have about the same meaning.' [*Id*. at 284 (quoting *Pimper v National American Fire Ins Co*, 139 Neb 109; 296 NW 465 (1941).]

While the *Allor* Court explicitly states that public and livery conveyance have "about the same meaning," the factual circumstances at issue in the decision deal exclusively with the transportation of people, and the meaning of "public conveyance."

The Wisconsin Court of Appeals thoroughly discussed the applicability of the exclusion in relation to the transport of property. *Morris*, 32 Wis 2d at 467. In *Morris*, the defendant operated a delivery service that the public could hire to deliver personal property and was involved in an accident while delivering packages to a Federal Express drop box. *Id*. at 464-465. The defendant's

insurer denied coverage pursuant to the automobile policy exclusion for "liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance." *Id*. at 465. The *Morris* court relied on the common definitions[1] of the terms "public or livery conveyance" combined with related case law when it held that the exclusion applies to the hired transport of both people and things. *Id*. See also *Wetzler v State Farm Mut Auto Ins Co*, 246 Cal App 2d 472, 476; 54 Cal Rptr 756 (1966) ("Manifestly, a public conveyance is one that is used for transporting the public or the personal property of the public.").

Although Home-Owners is correct that "livery conveyance" includes the transport of goods, plaintiff argues the exception does not apply because it must be a "public" livery conveyance, and Mr. Kiry was not engaged in the public transport of goods. To the contrary, Home-Owners argues that "public" only modifies "conveyance," and is divorced from "livery conveyance." As a grammatical matter Home-Owners may be right, but *Allor* complicates the matter. *Allor*, as we previously mentioned, addressed "public conveyance" because of the facts at issue, but also indicated that "livery conveyance" has about the same meaning, which means it must too be "used indiscriminately in conveying" the goods, "and not limited to certain persons or particular occasions." *Allor*, 317 Mich at 284. This is the inescapable conclusion from *Allor*, and is the prevailing conclusion amongst other courts addressing this same exclusion. *Morris*, 32 Wis 2d at 469-470. See also *Canal Ins Co v Gensco, Inc*, 404 SW2d 908, 910 (Tex Civ App, 1966) (holding that the exclusion did not apply because the vehicle was not available to rent to the general public); *Keplinger v Mid–Century Ins Co*, 115 Ariz 387, 390; 565 P2d 893 (App, 1977) (finding that the exclusion was inapplicable to an insured vehicle used to deliver newspapers because the vehicle itself was not held out for public use); *Smith v Stonewall Cas Co*, 212 Va 765, 766; 188 SE2d 82 (1972) (Citing to *Allor* and holding that "[t]he rule is that a vehicle is a public or livery conveyance if it is held out to the general public for the carrying of passengers for hire and is used indiscriminately to carry the public.").

The use of Mr. Kiry's vehicle—to deliver pizzas during the course of his employment at Pizza Hut—does not equate to the indiscriminate holding out for public use. Mr. Kiry utilized his vehicle to deliver pizzas for one business to its limited client base, i.e., only on particular occasions and under special terms. There is no evidence or suggestion that he held out his vehicle indiscriminately to the public to transport goods. Under the specific language employed in Home-Owners' exclusionary clause, an "insurer is generally held to avoid liability only when the insured vehicle was in fact used as a *public* conveyance." *Burgess v Holder*, 362 Mich 53, 55; 106 NW2d 379 (1960) (emphasis in original). Strictly construing Home-Owners' exclusionary clause in favor of the insured compels the conclusion that Mr. Kiry was not operating his automobile as a "public or livery conveyance" at the time of the accident. Therefore, the trial court did not err in

---

[1] The *Morris* court relied on The American Heritage Dictionary of the English Language 1056 (New College ed.1975) where "public" is defined as "[m]aintained for or used by the people or community[;]" "livery" is defined as "[t]he hiring out of horses and carriages . . . The official delivery of property, especially land, to a new owner[;]" and finally, "conveyance" is defined as "[t]he act of transporting, transmitting, or communicating." *Morris*, 32 Wis 2d at 469-470.

concluding that the policy exclusion does not preclude coverage and that Home-Owners is obligated to provide coverage for the underlying accident. As a result of this conclusion, we need not decide whether the activity falls within the exception to the exclusion.[2]

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[2] Nonetheless we note that it is undisputed that Pizza Hut reimbursed Mr. Kiry $1.50 for his normal operating expenses following each delivery. Plaintiffs aver that the exception to the exclusion in Home-Owners' policy and the statute from which it derives, MCL 500.2118(2)(f), both contain two limitations: (1) for volunteer or charitable purposes or (2) for which reimbursement of normal operating expenses is received. Because the Legislature used the disjunctive word "or" it meant to treat the volunteer or charitable purposes and the occurrences where reimbursement of normal operating expenses as independent alternatives. " 'Or' is . . . a disjunctive [term], used to indicate a disunion, a separation, an alternative." *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 35; 878 NW2d 799 (2016) (quoting *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011). See also *Baden v PAR*, *Inc*, 496 Mich 75, 84 n 17; 853 NW2d 303 (2014) (finding that, because the phrases in the statute are separated by the disjunctive "or," "a person need only engage in one of the enumerated actions to satisfy the definition"). Because Mr. Kiry was reimbursed for the normal operating expenses while driving for Pizza Hut, the exception to the exclusion would apply, and plaintiff would have been entitled to summary disposition on this basis as well.